# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JONATHAN J. ELEY,

    Plaintiff,

    v.

PNC BANK BRANCH OF LEWES DE.,

    Defendant.

:
:
:
:
:
:
:
:
:

C.A. No. S23C-04-003 CAK

Submitted: June 8, 2023
Decided: June 23, 2023

*Upon Defendant's Motion to Dismiss*

**GRANTED**

**MEMORANDUM OPINION AND ORDER**

Jonathan J. Eley, 3612 Savannah East Drive, Lewes, DE 19968, *Pro Se*, Plaintiff.

Elizabeth S. Fenton, Esquire, Ballard Spahr LLP, 919 N. Market Street, 11th Floor, Wilmington, DE 19801, Attorney for Defendant.

**KARSNITZ, R.J.**

## I. Introduction

This case involves $5,000 in compensatory damages for emotional distress paid to Jonathan J. Eley ("Plaintiff") by PNC Bank, N.A. ("Defendant")[1] pursuant to an award by the Delaware Human and Civil Rights Commission ("DHCRC").[2] Plaintiff has come to this Court seeking a higher amount of damages. In doing so, Plaintiff has represented himself, whereas Defendant is represented by counsel. This situation warrants a few comments about self-representation.

A *"pro se* pleading is judged by a 'less stringent standard' than a pleading or document filed by an attorney."[3] Even so, as I have said in another case , "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[4] Thus, although Plaintiff may be forgiven certain non-substantive mistakes, he will be held to the same legal standards as Defendant, his self-representation notwithstanding.

---

[1] PNC was improperly named as "PNC Bank Branch of Lewes De." in Plaintiff's Complaint.
[2] An adversarial proceeding was held before a panel of the DHCRC on October 11, 2022 and resulted in a Memorandum Decision and Order dated January 23, 2023 (the "DHCRC Order"). Plaintiff was awarded $5,000 in compensatory damages for the emotional distress he suffered. Defendant timely provided Plaintiff a check for the damages he was awarded and Plaintiff cashed the check.
[3] *Johnson v. State,* 442 A.2d 1362, 1364 (Del. 1982) (citing *Bounds v. Smith,* 430 U.S. 817, 826 (1977)).
[4] *Bradford v. Beebe Med. Ctr.,* 2020 WL 3058151 (Del. Super. June 9, 2020) (quoting *Draper v. Med. Ctr. of Del.,* 767 A.2d 796, 799 (Del. 2001)).

## II.    Facts

On April 20, 2021, Plaintiff visited Defendant's branch in Lewes, Delaware to cash two unemployment checks drawn on Defendant. As of that date, Plaintiff did not have an account with Defendant. Because Plaintiff did not have an account, Defendant's policy required that he present two forms of identification, one primary form and one secondary form. Plaintiff provided state-issued identification, several debit cards, and a piece of mail containing his name and address. Even though Plaintiff provided the necessary identification, the teller incorrectly refused to cash Plaintiff's checks. Plaintiff left the branch and successfully cashed the two checks without incident at Defendant's branch in Georgetown, Delaware.

## III.    Procedural History

Plaintiff filed a complaint with the DHCRC alleging that the teller's refusal to cash his two checks was because of his race and that it constituted a violation of the Delaware Equal Accommodations Law ("DEAL").[5] On October 11, 2022, Plaintiff and counsel for Defendant appeared before a panel of the DHCRC (the "Panel") and a full adversarial proceeding was held. The parties made opening statements, Plaintiff and the Assistant Branch Manager for Defendant were subject to

---

[5] 6 *Del. C.* § 4500 *et seq.*

examination by the parties and the Panel, and the Panel viewed a surveillance video of the branch on April 20, 2021 showing the events in question. After closing arguments that day, the Panel convened on October 13, 2022 and again on November 22, 2022 before issuing its final order on January 23, 2023.

On January 23, 2023, the DHCRC mailed its final Order and Opinion (the "Order").[6] The Order held that Defendant violated §4504 of the DEAL. As a result, the Panel ordered Defendant, *inter alia*, to pay Plaintiff $5,000 in compensatory damages and a $5,000 fine to the DHCRC. The Panel explained that compensatory damages were awarded to Plaintiff for his humiliation, embarrassment, and mental anguish caused by Defendant. PNC paid Plaintiff the $5,000. Plaintiff did not appeal the DHCRC Order and Opinion to this Court.

On April 6, 2023, Plaintiff filed a *pro se* complaint against Defendant (the "Complaint") in this Court. The Complaint describes the April 20, 2021 incident and the decision of the DHCRC. Plaintiff alleges that, on April 20, 2021, a bank teller at the Defendant's branch was rude and dismissive and it felt racist towards him. After the incident, Plaintiff alleges he complained to Defendant's customer service and searched for reviews of the branch and allegedly found bad customer reviews. Finally, Plaintiff alleges that the $5,000 emotional distress DHCRC

---

[6] Although the letter enclosing the DHCRC Order states it was sent on January 20, 2023, given that the DHCRC was electronically signed by the Panel on January 23, 2023, it was not finalized and sent until January 23.

4

award was inadequate to compensate him for the consequences he suffered after the bank teller violated his rights.

Although the Complaint was filed on April 6, 2023, Defendant was not served until April 13, 2023. On May 3, 2023, Defendant timely filed a Motion to Dismiss the Complaint (the "Motion"). On May 10. 2023, Plaintiff filed his *pro se* Answer to the Motion, which contained additional allegations. On June 8, 2023, Defendant filed its Reply. This is my ruling on the Motion.

## IV. Legal Standard

When reviewing a motion to dismiss, I must "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) [find] dismissal [inappropriate] unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[7]

---

[7] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC,* 27 A.3d 531, 535 (Del. 2011) (citing *Savor, Inc. v. FMR Corp.,* 812 A.2d 894, 896 (Del. 2002)).

## V. Analysis

Plaintiff was required to appeal the DHCRC Order within thirty (30) days of it being mailed. DEAL's "administrative remedies are the exclusive means for redressing discriminatory practices."[8] Final orders are subject to judicial review and may be appealed to this Court.[9] But any appeal "shall be filed within 30 days of the day the notice of the decision was mailed."[10] Here, the notice of decision was mailed on January 23, 2023, but Plaintiff did not file this action until April 6, 2023, well after the time for appeal had run.

In *Hastings v. Watson*,[11] the plaintiff was assessed a penalty by the Delaware Department of Natural Resources and Environmental Control ("DNREC") which was affirmed by the Environmental Appeals Board ("EAB").[12] The plaintiff did not appeal the EAB decision and but instead filed a complaint in this Court alleging fraud and malfeasance by a Delaware state employee involved in the administrative decision.[13] On a motion to dismiss, the Court found that the plaintiff's claims were an attempt to "cure his failure

---

[8] *Miller v. Spicer,* 602 A.2d 65, 68 (Del. 1991).
[9] 29 *Del. C.* § 10142(a).
[10] 29 *Del. C.* § 10142(b).
[11] 2019 WL 6170841 (Del. Super. Nov. 19, 2019).
[12] The EAB, like the DHCRC, is subject to Delaware's Administrative Procedure Act and the requirement that an appeal to this Court must be filed within thirty days of the date the decision is mailed. 29 *Del. C.* § 1016l(a)(5) and (9).
[13] *Hastings v. Watson* at *2.

to timely appeal" by collaterally attacking the underlying order.[14] The Court held that the plaintiff "failed to file a timely appeal and is barred from attempting to do so now" and dismissed the plaintiff's claims with prejudice.[15]

As in *Hastings,* in this case Plaintiff failed to timely appeal the DHCRC Order and brought a separate action in this Court in an attempt to cure his failure to timely appeal. I reject his Complaint as procedurally barred and dismiss it with prejudice.

Even if I were to accept the new allegations made in Plaintiff's Answer, there is a jurisdictional bar. Those allegations attempt to state DEAL claims. DEAL claims cannot be directly brought in this Court, but must first be heard by the DHCRC. As the Delaware Supreme Court has stated, DEAL "contains no express authorization for the maintenance of a private cause of action and, in our view, no legislative intention to permit such a remedy may be implied from the Act's underlying purpose."[16] DEAL's "administrative remedies are the exclusive means for redressing discriminatory practices."[17] A private plaintiff cannot sue directly under DEAL in this Court.[18]

---

[14] *Id.* at *5.
[15] *Id.*
[16] *Miller v. Spicer,* 602 A.2d 65, 68 (Del. 1991).
[17] *Id.*
[18] *See Young v. Red Clay Consol. Sch. Dist.,* 122 A.3d 784, 797 n.4 (Del. Ch. 2015) (dismissing DEAL claim brought directly in Chancery Court).

## VI. Conclusion

As a *pro se* litigant, I have given Plaintiff every benefit of the doubt in this case. I sympathize with the challenges of self-representation. Thus, I have viewed his Complaint and Answer to the Motion without regard to non-substantive errors. However, Plaintiff is held to the same legal standards as Defendant, his self-representation notwithstanding. He simply failed to timely file an appeal from the DHCRC with this Court, a procedural error that cannot be overlooked. Moreover, he cannot bring a DEAL claim directly in this Court.

In considering the Motion, I have accepted all of Defendant's well pleaded factual allegations as true, accepted Defendant's allegations as well pleaded since they give Plaintiff notice of the claim, drawn all reasonable inferences in favor of Plaintiff, and found that dismissal is appropriate because Plaintiff is not be entitled to relief under any reasonably conceivable set of circumstances.

For the foregoing reasons, the State's Motion to Dismiss the Complaint is **GRANTED**. Plaintiff's action is dismissed, in its entirety, with prejudice. **IT IS SO ORDERED**.

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:     Prothonotary

8